SANDFORD HAWKINS, executor &c.,

*v.*

WILLIAM H. YOUNG et al.

Testatrix's direction to her executor to sell her house and lot in N., and out of the proceeds pay certain legacies, empowers him, in the light of evidence that she owned no realty except a house and lot in B., a suburb of N., to sell and make title to the B. property.

On bill, answer, replication and proofs.

*Mr. Oscar Naundorff,* for the complainant.

*Mr. Charles F. Herr,* for the defendant Young.

GREEN, V. C.

This suit is brought by Sandford Hawkins, sole executor of the last will and testament of Sophia Stiles, late of Milford, in

the State of Connecticut, deceased, against William H. Young, for the specific performance of a contract in writing between them for the sale and purchase of a house and lot in Bloomfield, Essex county, New Jersey.

The property belonged to the testatrix. Mr. Young declined to accept the deed therefor executed by the complainant, on a question raised as to the power of the executor to convey the premises.

The testatrix, by her will, having given five pecuniary legacies, amounting in all to $2,000, provided by the eighth clause of the will as follows: " I direct my executor to sell my house and lot in said Newark and to apply the proceeds thereof in payment of the above pecuniary legacies." By the ninth clause all the rest, residue and remainder of her estate she gave to four of the legatees or the survivor of them.

It is a rule that in order to discover the intention of the testator the court may put itself in the place of the party, and then see how the terms of the will affect the property or subject-matter, and for this purpose evidence outside the will is admissible to show the nature and extent of his property. *Leigh* v. *Savidge, 1 McCart. 125.*

Evidence was given that the testatrix had once lived in Newark, but at the time of executing her will she had for some time been a resident of Milford, Connecticut. Some eight years before her death she had purchased the house and lot in Bloomfield, which is a suburb of Newark ; that she had no other real estate and had never owned a house and lot in Newark. Her personal estate amounted to a little over $800.

It is clear from the will that it was the intention of testatrix—

1. That the pecuniary legacies were to be paid from the proceeds of the sale of her house and lot.

2. To empower her executor to sell her house and lot.

She had no house and lot in Newark, and in locating it there there is a misdescription. But by striking out the words misdescribing it, viz., "in Newark," we have left a power of sale of her house and lot. If she had had more than one house and lot, the intention of the testatrix could not have been ascertained by

eliminating the words "in Newark," but as she had but the one, viz., the one in question, her intention to refer to it seems to me to be clear. In the case of *Patch* v. *White, 117 U. S. 210,* the testator had devised lot No. 6, in square 403, with the improvements thereon. He did not own that lot, but did own lot No. 3, in square 406. The latter was improved, the other not. He had disposed of all the rest of his estate, and the court, disregarding the misdescription, determined there was enough in the circumstances with the remaining words to show that it was his intention to devise the property he did own. See, also, *Decker* v. *Decker, 121 Ill. 341,* and cases in *Brown Par. Ev. tit. "Wills."*

I incline to the opinion that the other evidence offered is not admissible, under the authority of *Miller* v. *Travers, 8 Bing. 244,* but it is unnecessary to decide the point.

I am of opinion that the executor has power under the eighth clause of the will to give a good title to the testatrix's house and lot in Bloomfield.

Assuming that all parties in interest have been made parties to this suit, such deed will give the parties a merchantable title.